NOTICE

Decision filed 12/22/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 210072-U

NO. 5-21-0072

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| PRIME REALTY OF AMERICA, INC., d/b/a S.I. Property Management, and DALE HALLIDAY, | ) ) ) ) | Appeal from the Circuit Court of Jackson County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 20-MR-18 |
| AUTO-OWNERS INSURANCE COMPANY, | ) ) | Honorable Michael A. Fiello, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and Vaughan concurred in the judgment.

**ORDER**

¶ 1     *Held*:    The circuit court did not err in granting summary judgment to insurance company on the plaintiffs' complaint for a declaratory judgment seeking a declaration of coverage under a commercial general liability policy and bad faith damages pursuant to section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2018)) because an exclusion for damage to the property of the named insured clearly applied to exclude coverage.

¶ 2     The plaintiffs, Prime Realty of America, Inc., doing business as S.I. Property Management (Prime Realty), and Dale Halliday, appeal the February 8, 2021, order of the circuit court of Jackson County that granted a summary judgment in favor of the defendant, Auto-Owners Insurance Company (Owners),[1] as to their complaint seeking a declaration of insurance coverage

_____

[1]In its entry of appearance in the trial court, and in its brief on appeal, the defendant asserts that its correct name is Owners Insurance Company, and that it is incorrectly named as Auto-Owners Insurance Company.

under a general liability policy of insurance issued by Owners to Patterson Industries, LLC (Patterson). For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On January 28, 2020, the plaintiffs filed their complaint in the circuit court of Jackson County, alleging the following relevant facts. Prime Realty managed and maintained an apartment complex owned by Patterson, and Halliday was employed by Prime Realty. On or about January 2, 2018, the apartment complex was damaged by fire. Pursuant to an insurance policy Owners had issued to Patterson (the Owners policy), Owners paid Patterson for the damage to the apartment complex because of the fire. On April 29, 2019, Owners, as Patterson's subrogee, filed suit against Prime Realty and Halliday, claiming they were negligent in causing the fire that damaged the apartment complex.

¶ 5      The complaint alleges that the plaintiffs are additional insureds under the Owners policy, which is attached to the complaint as Exhibit 1, and that under the policy, Owners has a duty to defend and indemnify the plaintiffs "for damage to property." The complaint further states that, "at no relevant time did either [of the plaintiffs] own, rent, occupy or use the property." Count I of the complaint seeks a declaratory judgment that Owners is required to provide a defense to the plaintiffs as well as to indemnify the plaintiffs for their liability for the damage to the subject property. Count II of the complaint seeks penalties pursuant to section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2018)) based on Owners' "unreasonable and vexatious" refusal to defend and indemnify the plaintiffs.

¶ 6      On October 5, 2020, the plaintiffs filed a motion for summary judgment as to both counts of their complaint. The plaintiffs attached their affidavits attesting to the fact that they did not own, rent, occupy, or use any portion of the property. On November 30, 2020, Owners filed a cross-

2

motion for summary judgment, arguing that, as a matter of law, Patterson's insurance policy excluded coverage for the plaintiffs' liability for the fire. On February 8, 2021, the circuit court entered an order granting Owners' motion for summary judgment, finding that the policy excluded coverage and entering judgment in favor of Owners. On March 8, 2021, the plaintiffs filed a notice of appeal.

¶ 7                                       II. ANALYSIS

¶ 8     We begin our analysis with the principles we must apply in reviewing an order granting summary judgment:

> "In appeals from summary judgment rulings, we conduct a *de novo* review. [Citations.] Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. [Citation.] Summary judgment is a drastic measure and should only be granted if the movant's right to judgment is clear and free from doubt. [Citation.] Where a reasonable person could draw divergent inferences from undisputed facts, summary judgment should be denied. [Citation.]" *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

¶ 9     Here, the circuit court granted summary judgment in favor of Owners, finding that Owners had no duty to defend or indemnify the plaintiffs under Patterson's Owners policy. The standards we must apply in our review of this decision are as follows:

> "To determine whether the insurer has a duty to defend ***, the court must look to the allegations in the underlying complaint and compare these allegations to the relevant provisions of the insurance policy. [Citations.] If the facts alleged in the underlying complaint fall within, or potentially within, the policy's coverage, the insurer's duty to defend arises. [Citations.] Refusal to defend is unjustifiable unless it is clear from the face

3

of the underlying complaint that the facts alleged do not fall potentially within the policy's coverage. [Citations.]

The construction of an insurance policy's provisions is a question of law. [Citations.] In construing an insurance policy, the court must ascertain the intent of the parties to the contract. [Citations.] To ascertain the meaning of the policy's words and the intent of the parties, the court must construe the policy as a whole [citations], with due regard to the risk undertaken, the subject matter that is insured and the purposes of the entire contract [citations]. If the words in the policy are unambiguous, a court must afford them their *plain, ordinary, and popular meaning*. [Citations.] However, if the words in the policy are susceptible to more than one reasonable interpretation, they are ambiguous [citation] and will be construed in favor of the insured and against the insurer who drafted the policy [citations]." (Emphasis in original.) *Outboard Marine Corp.*, 154 Ill. 2d at 107-09.

¶ 10    In this case, the underlying complaint alleges that the plaintiffs were negligent and caused the fire that damaged Patterson's apartment building. The plaintiffs seek a declaration that Owners is required to defend and indemnify them pursuant to the Owners policy, which was issued to Patterson. Accordingly, we turn to the Owners policy. This insurance policy contains two coverages, the first of which is commercial property coverage, which lists the subject property as a covered building. Under the terms of that policy, Owners agreed to pay Patterson for direct physical loss or damage to covered property. It is undisputed that Owners paid Patterson in accordance with the commercial property coverage, which led to Owners, as a subrogee, suing the plaintiffs in the underlying action. The commercial property coverage does not apply to the plaintiffs' liability for causing the fire, and thus is irrelevant for purposes of our analysis.

¶ 11 The second type of coverage the insurance policy provides to Patterson is commercial general liability coverage. Under this portion of the policy, "you" and "your" refer to the named insured shown in the declarations, which is Patterson, as well as "any other person or organization qualifying as a 'Named Insured' under this policy." Also, in contrast to a "Named Insured," this policy provides that the word "insured" means any person or organization qualifying as such under section II, which is titled "Who Is An Insured." Under section IA of this portion of the policy, Owners promises to pay "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

¶ 12 Immediately following the statement of coverage, the policy contains several exclusions. Of relevance here, the exclusions state, in subsection (j)(1), that the coverage does not apply to " 'property damage' to property you own, rent, occupy or use." Here, it is undisputed, and, in fact, it is alleged in the complaint, that Patterson owns the property that the underlying complaint alleges the plaintiffs negligently damaged. Nevertheless, the plaintiffs argue that this exclusion does not apply because they are to be considered an insured under section II of the policy and they do not own, rent, occupy, or use the property. Assuming, without deciding, that the plaintiffs qualify as an insured under section II of the commercial general liability portion of the policy, the policy makes clear that there is a distinction between an "insured" and a "Named Insured" under the policy, and the term "you" in the policy only applies to a "Named Insured." Patterson is the only "Named Insured" listed in the declarations, and nowhere else in the policy is there any further definition of "Named Insured." Accordingly, we find that Patterson is the only "Named Insured" under its general commercial liability policy, and because the property which the underlying complaint alleges the plaintiffs damaged is owned by Patterson, section (j)(1) of the exclusions clearly applies. As such, the allegations do not, even potentially, allege facts to which this

5

insurance policy applies, and the circuit court correctly entered a summary judgment in favor of Owners.

¶ 13                                    III. CONCLUSION

¶ 14    For the foregoing reasons, we affirm the February 8, 2021, order of the circuit court of Jackson County that granted a summary judgment in favor of Owners.


¶ 15    Affirmed.